# UNITED STATES DISTRICT COURT

EASTERN . DISTRICT OF   CALIFORNIA

—oOo—



FILED
FEB - 5 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

OSCAR RODRIGUEZ

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:13-mj-00036 SKO

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about February 1, 2013 in Stanislaus County, in the Eastern District of California defendant did,
(Track Statutory Language of Offense)

▸ COUNT 1 POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE.

knowingly and intentionally possess with intent to distribute 500 grams and more of a mixture containing a detectable amount of methamphetamine and 50 grams and more of methamphetamine, a Schedule II controlled substance.
All in violation of Title 21, United States Code, Section(s) 841(a)(1), with a maximum penalty of life imprisonment, a ten year mandatory minimum, $20,000,000 fine, and $100 penalty assessment.

I further state that I am a Special Agent for the Drug Enforcement Administration, and that this complaint is based on the following facts:   *Philip Hartshorne SKO*

▸ See Affidavit of Special Agent ~~Peter Ross~~, attached hereto and incorporated herein.

Continued on the attached sheet and made a part of this complaint: x  _____

Signature of Complainant
~~Peter Ross~~ -PH *Philip Hartshorne* SKO
Drug Enforcement Administration

Sworn to before me, and signed in my presence

February 5, 2013          at    Fresno, California
Date                            City           State

Sheila K. Oberto       U.S. Magistrate Judge                _____
Name of Judge          Title of Judge                       Signature of Judge

BENJAMIN B. WAGNER
United States Attorney
MICHAEL FRYE
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:13-MJ-00036 SKO |
| Plaintiff, | AFFIDAVIT OF DEA SPECIAL AGENT PHILIP HARTSHORNE |
| v. | |
| OSCAR RODRIGUEZ, | |
| Defendant. | |

I, Philip J. Hartshorne, being duly sworn, hereby state and depose:

**AFFIANT'S CREDENTIALS**

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

1

2. I am a Special Agent (S/A) for the Drug Enforcement Administration (DEA), and have been so employed by the DEA since July 2012. During this time, I have completed a sixteen week training Academy at Quantico, Virginia. This training included the investigation of violations of Title 21, United States Code, Sections 841(a)(1) and 846. I also have six years of previous law enforcement experience as a United States Pentagon Police Officer. Based on my experience and the training I have acquired from drug enforcement school and from working with other Special Agents and Detectives, I am providing the following facts.

3. This affidavit is made to support a complaint charging Oscar Rodriguez with Possession With Intent to Distribute Methamphetamine within the Eastern District of California, in violation of Title 21 United States Code, Sections 841(a)(1).

4. The facts which establish probable cause for the arrest of Oscar Rodriguez are either personally known to me or have been told to me directly by other Federal, State or Local law enforcement officers. During my career, I have conducted or participated in controlled substance investigations involving Title 21 controlled substance offenses, including, but not limited to, conspiracies to distribute controlled substances (21 U.S.C. § 841(a)(1) and 846) and the manufacture and possession of controlled substances with the intent to distribute (21 U.S.C. § 841(a)(1)). These investigations

2

targeted large-scale drug trafficking organizations engaged in the sale, manufacture, importation, and distribution of heroin, methamphetamine, cocaine, and other controlled substances. During the course of my work, I have had the opportunity to converse with admitted and known drug traffickers as to their methods, and those of their associates, regarding the manufacture, importation, transportation, distribution and sales of controlled substances, as well as their methods used to conceal, transport, and launder cash and/or other types of drug proceeds. I have become knowledgeable in the methods used by drug traffickers to import, conceal, transport, distribute, manufacture, and sell controlled substances, as well as their methods used to conceal, transport, and launder cash and/or other types of drug proceeds.

5. I have set forth only the facts that I believe are necessary and appropriate to establish probable cause to support the filing of a criminal complaint and issuance of arrest warrants.

6. Based upon the foregoing, I state the following:

**NATURE OF AFFIDAVIT**

7. This affidavit is submitted in support of a criminal complaint and application for issuance of an arrest warrant for Oscar Luis RODRIGUEZ (DOB 02-08-1983) (referenced to hereinafter as RODRIGUEZ). Based upon your affiant's training, experience and conversations with other law enforcement officers, I believe there is probable cause to believe that RODRIGUEZ conspired to distribute

3

methamphetamine with others, identities yet unknown, and possessed with the intent to distribute approximately two and one half pounds of methamphetamine, and therefore may be arrested and charged with conspiracy to distribute 50 grams or more of methamphetamine, and to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1) and 846.

8. The facts set forth in this affidavit are based upon incident reports and information provided to me by Transportation Security Administration officials and Modesto Police Department officers, and based upon my training and experience. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of, or investigation into, this matter.

B. STATEMENT OF PROBABLE CAUSE

9. On January 31, 2013, at approximately 5:44 AM, Transportation Security Administration (TSA) Agent Marcus Ignacio contacted RODRIGUEZ as RODRIGUEZ processed through an airport security checkpoint. RODRIGUEZ's suitcase had been selected for a random screening, and tested positive for the presence of trace explosives. As a result of the positive alert, Agent Ignacio conducted a full-body pat-down of RODRIGUEZ. TSA Agent Ignacio asked RODRIGUEZ if he had in his personal possession any contraband. RODRIGUEZ denied possession of any contraband in his possession.

4

While conducting the pat-down of RODRIGUEZ's waist and thighs, TSA Agent Ignacio felt an unknown hard, plastic object. TSA Agent Ignacio again asked RODRIGUEZ if RODRIGUEZ possessed any contraband. Again, RODRIGUEZ indicated that he was not in the possession of any contraband. TSA Agent Ignacio requested the presence of a supervisor. TSA Supervisor Carla Green responded to TSA Agent Ignacio's request. After confirming the presence of an unknown object in RODRIGUEZ's pants, RODRIGUEZ was directed to sit and wait. TSA Supervisor Green contacted the Modesto Police Department for assistance.

    10. Modesto Police Officer Dave Corder responded to a call for service at the Modesto Airport. Officer Corder met with TSA Agent Marcus Ignacio who had detained RODRIGUEZ. TSA Agent Ignacio informed Officer Corder of the facts surrounding the detention of RODRIGUEZ. Officer Corder asked RODRIGUEZ if he anything illegal in his possession, to which RODRIGUEZ replied that he did. RODRIGUEZ informed Officer Corder that he had drugs on his person, but did not what kind of drug he was carrying. Officer Corder pulled on RODRIGUEZ's waistband and observed the top of a Ziploc bag concealed within RODRIGUEZ's pants. Officer Corder removed two bundles from inside RODRIGUEZ's pants. Based on Officer Corder's training and experience, Officer Corder recognized the bundles as being consistent with the packaging of controlled substances. Officer Corder arrested RODRIGUEZ for 11377 H&S, Possession of a Controlled Substance and

5

11378 H&S, Possession of a Controlled Substance for Sale. Officer Corder transported RODRIGUEZ to the Modesto Police Department for further investigation.

11. Officer Corder escorted RODRIGUEZ to a MPD temporary holding room. Officer Corder read RODRIGUEZ his Miranda rights and RODRIGUEZ did not provide a statement. Officer Corder searched RODRIGUEZ's property and found two airline boarding passes. One boarding pass was for a United Airlines flight from Modesto to San Francisco, the other for a United Airlines flight from San Francisco to Maui, Hawaii. RODRIGUEZ also had a Bank of America debit card in his wallet.

12. Officer Corder told Agent Corona that RODRIGUEZ had a cellular phone in his possession. Agent Corona asked Officer Corder to Cellebrite the phone. Officer Corder handed the phone to Detective Ramar who extracted the phone's data. Detective Ramar placed the data on to a CD and handed it to Officer Corder. Officer Corder handed the CD to Agent Corona who booked it in to SDEA evidence.

13. Officer Corder and Agent Corona walked to Officer Corder's patrol car. Officer Corder handed Agent Corona two zip-lock bags containing white crystal shards. The two bags were bound with clear plastic wrap. Agent Corona took photographs of the bags and packaging. Agent Corona conducted a NIK test on the substance and it NIK tested presumptive positive for the presence of methamphetamine.

Agent Corona took possession of the substance and later transported it to SDEA. Agent Corona weighed the two bags and they had a gross weight of 2.68 pounds. Agent Corona booked the bags in to SDEA evidence.

14.  Based upon my training and experience, including collaboration with other experienced narcotics investigators regarding the habits of individuals engaged in drug trafficking, I believe that the defendant possessed the methamphetamine for the purpose of distribution based upon the facts set forth herein.

C. CONCLUSION

Based on the foregoing, this affiant believes that there is sufficient probable cause to charge and arrest Oscar Luis RODRIGUEZ for conspiracy to distribute methamphetamine, and to possess with intent to distribute 50 or more grams of methamphetamine, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1) and 846.

///
///
///
///
///
///
///
///

7

Your affiant swears under penalty of perjury that the facts presented are true and accurate to the best of my knowledge.

Philip J. Hartshorne
Special Agent
U.S. Drug Enforcement Administration

SWORN AND SUBSCRIBED TO BEFORE ME
THIS 5th DAY of FEBRUARY, 2013

SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF CALIFORNIA

Reviewed and approved as to form and content this 5th day of February, 2013

Michael S. Frye
Assistant U.S. Attorney

8