BENJAMIN B. WAGNER
United States Attorney
MICHAEL S. FRYE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-00063-LJO-SKO |
|---|---|
| Plaintiff, | **MEMORANDUM OF PLEA AGREEMENT FED. R. CRIM. PROC 11(C)** |
| v. | Date: January 27, 2014 |
| OSCAR RODRIGUEZ | Time: 8:30 a.m. |
| Defendant. | Judge: Hon. Lawrence J. O'Neill |

**PLEA AGREEMENT**

This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California ("government") and defendant Oscar Rodriguez ("defendant") in this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities. The parties agree to the following:

**1.   COURT NOT A PARTY**

It is understood by the parties that the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in Paragraph 8. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Superseding Information.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence his will receive.

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(b) and 11(c)(3)(b).

**2. CHARGES.**

The Defendant acknowledges that he has been charged by Superseding Information as follows:

Count One: 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine.

**3. NATURE, ELEMENTS AND POSSIBLE DEFENSES.**

The Defendant has read the charges against him contained in the Superseding Information and those charges have been fully explained to him by his attorney. Further, the Defendant fully understands the nature and elements of the crime in Count One to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney. The Defendant also understands that in order for the Government to prove him guilty of must prove each and every of the following elements beyond a reasonable doubt:

<u>Count One  Possession with Intent to Distribute Methamphetamine.</u>

The elements of this crime are as follows:

First: The defendant knowingly possessed methamphetamine;

Second: The defendant possessed it with the intent to distribute it to another person.

**4. AGREEMENTS BY THE DEFENDANT.**

(a) Defendant agrees that this plea agreement shall be filed with the Court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Count One, Possession with Intent to Distribute Methamphetamine. The defendant agrees that the facts set forth below (Section 7, Factual Basis) are accurate and that he is in fact guilty of the charge against him.

Plea Agreement 2

  (c) Defendant understands and agrees that pursuant to Rule 11(c)(1)(B) and (c)(3)(B) he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

  (d) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise.

  (e) The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220 (2005), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

  (f) The defendant hereby acknowledges and agrees that any offense level determination, specific offense characteristic and criminal history category as determined pursuant to the Guidelines could change based upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the defendant or the government may be considered in determining the offense level, specific offense characteristics and Guideline range. The defendant also acknowledges that the United States Probation Office may also interpret facts or legal matters differently than the

defendant or the government resulting in differences in the offense level, specific offense characteristics and Guideline range. Neither the use of unknown or unforeseen factors, nor the interpretation of known facts or law in a different manner than anticipated, will provide the defendant with the right to withdraw his guilty plea.

(g)     The defendant acknowledges and agrees that the court is not bound by any of the stipulations of the parties nor by the government's sentencing recommendations, and that it may elect not to follow some or all of them. In no event, will the defendant be allowed to withdraw his plea.

(h)     If the Defendant's conviction is ever vacated at the Defendant's request, or his sentence is ever reduced at his request, or if the Defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the Government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the Defendant. The Government shall have the right (1) to prosecute the Defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Agreement; and (3) to file any new charges that would otherwise be barred by this Agreement. The decision to pursue any or all of these options will be solely within the discretion of the United States Attorney's Office. By signing this Agreement, the Defendant agrees to waive any objections, motions, and defenses he might have to the Government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(i)     If it is determined that the Defendant has violated any provision of this Agreement or if the Defendant is permitted to withdraw his plea: (1) all statements made by the Defendant to the

Government or other designated law enforcement agents, or any testimony given by the Defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the Defendant; and (2) the Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the Defendant before or after this Agreement, or any leads derived therefrom, should be suppressed.  By signing this Agreement, the Defendant waives any and all rights in the foregoing respects.

  (j) Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

  (k) Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that his wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

  (l) Defendant understands that any attempt by the Defendant to not fully and completely acknowledge and confirm the agreements above and/or factual basis below will void the Government's agreements below and result continuing prosecution as detailed above.

  (m) Defendant further acknowledges that his acceptance of this Agreement and his plea of guilty are completely voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement(s) reached, other than those set forth expressly in this Agreement, to induce the Defendant to plead guilty.

  (n) Forfeiture:  The defendant agrees that any property in his possession at the time of his arrest in this matter, including controlled substances, shall be forfeited.

**5.    AGREEMENTS BY THE GOVERNMENT.**

(a)    If the United States Probation Office determines that a three-level reduction in Defendant's offense level for full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the Government will not oppose such a reduction and will so move under §3E1.1(b), so long as the Defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

(b)    The Government agrees to recommend that the Defendant be sentenced to imprisonment at the low end of the applicable guideline range.

(c)    Other than expressly stated elsewhere in this Agreement, the Defendant acknowledges and understands that the Government makes no other representations to him regarding fines, whether any other specific offense characteristics apply to his conduct, his criminal history, or criminal history points under Chapter Four, or whether additional enhancements or reductions under Chapter Three or Five of the United States Sentencing Guidelines, or under 18 U.S.C. § 3553 apply;  defendant understands that the government is free to comment and to make recommendations to the court and the probation office regarding these matters.

**6.    JOINT AGREEMENTS**

The parties hereby agree that the defendant was a "minor participant" in the criminal activity involved in this case, as that word is defined in United States Sentencing Guide Section 3B1.2(b), and, as such, may be entitled to a two-level reduction in his offense level. However, as reflected elsewhere in this Agreement, the Court is not bound by this agreement in making sentencing decisions nor is the defendant entitled to withdraw his guilty plea in the event the Court does not find that he is a "minor participant."

**7.    FACTUAL BASIS**

Defendant will plead guilty because he is in fact guilty of the crime alleged in Count 1 of the Superseding Information .   The defendant agrees that the following facts are true:

- On January 31, 2013, the defendant possessed 2.68 pounds (1,215 grams) of

Methamphetamine at a security checkpoint at the Modesto Airport, located in Stanislaus County and the Eastern District of California.

- The defendant knew he was carrying methamphetamine.
- The defendant intended to deliver the methamphetamine to individual(s) in Hawaii.

## 8. POTENTIAL SENTENCE

The following is the maximum potential sentence that defendant faces:

Count One: Possession with Intent to Distribute Methamphetamine [21 U.S.C. § 841(a)(1)]

    (a) Imprisonment
        Maximum: 20 years

    (b) Fine
        Maximum: $1,000,000

    (c) Both such fine and imprisonment may be imposed.

    (d) Term of Supervised Release
        Maximum: 3 years.
        Should the Defendant violate any of the terms of his supervised release, he can be returned to prison for the lesser of the term imposed or 2 years.

    (e) Penalty Assessment
        Mandatory: One Hundred dollars ($100.00)

## 9. WAIVER OF CONSTITUTIONAL RIGHTS

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and the Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

## 10. QUESTIONS BY COURT

Defendant understands that if the Court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

## 11. PRESENTENCE REPORT

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of Defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

## 12. ENTIRE AGREEMENT

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

## 13. APPROVALS AND SIGNATURES

**Defense Counsel:**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:

ROBERT SHERMAN WYNNE
Attorney for Defendant Oscar Rodriguez

**Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated:
_____
Oscar Rodriguez

**Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated:       BENJAMIN B. WAGNER
             United States Attorney

_____
MICHAEL S. FRYE
Assistant United States Attorney